# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE D. ROBBINS,<br><br>                Plaintiff,<br>vs.<br><br>CITY OF SAN DIEGO POLICE DEPARTMENT; RANDALL HENRIZI; JOHN ALVARADO; JANE HODGES; and DOES 1 to 25,<br><br>                Defendants. | CASE NO. 08 CV 2003 JM (WVG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Doc. No. 20 |

       Plaintiff Bruce D. Robbins ("Robbins") filed this civil rights action under 42 U.S.C. § 1983 against Defendants City of San Diego Police Department ("SDPD"), Randall Henrizi ("Henrizi"), Jaime (erroneously sued as "John") Alvarado ("Alvarado"), and Diane (erroneously sued as "Jane") Hodges ("Hodges"). (Doc. No. 1). Henrizi, Alvarado, and Hodges are police officers employed by SDPD. Robbins voluntarily dismissed Alvarado and Hodges. (Doc. Nos. 6, 8). SDPD and Henrizi now move for summary judgment based on declarations provided by Henrizi and defense counsel Wendy Davisson. (Doc. No. 20). In its motion for summary judgment, SDPD provided *Klingele/Rand* notice to Robbins. (*See* Doc. No. 20).

       The summary judgment hearing was originally scheduled for January 8, 2010. (Doc. No. 20). Rather than file an opposition, Robbins moved for a continuance, alleging that he

1  never received proper notice of the motion. (Doc. No. 22). The court granted Robbins's
2  motion and scheduled the hearing for February 19, 2010. (Doc. No. 24). At the hearing on
3  February 19, 2010, Robbins—who had not filed yet filed an opposition—requested another
4  continuance. The court complied, resetting the hearing for March 5, 2010 and giving Robbins
5  until February 22, 2010 to file an opposition and supporting affidavits. (Doc. No. 29).
6  Robbins eventually filed an opposition but did not submit any supporting evidence. (Doc. No.
7  33).

8  The court finds this matter appropriate for disposition without oral argument. *See*
9  CivLR 7.1(d)(1). For the following reasons, the court hereby GRANTS Defendants' motion
10 for summary judgment.

11 **I.   BACKGROUND**

12 On July 6, 2007, at approximately 10:30 PM, Henrizi and Alvarado responded to a 9-1-
13 1 call made from the residence at 5428 Forbes Avenue. (Doc. No. 20, Declaration of Randall
14 Henrizi, hereinafter "Decl.," ¶ 3). There they encountered a "visibly intoxicated" Robbins and
15 his parents. (Decl. ¶ 3). Henrizi and Alvarado spoke with both Robbins and his parents.
16 (Decl. ¶ 3). At some point, either Henrizi or Alvarado may have asked Robbins to step outside
17 the house. (Doc. No. 1, Complaint, hereinafter "Compl."). In either case, Robbins eventually
18 left the residence, followed by Henrizi and Alvarado. (Decl. ¶ 4).

19 Soon after, Henrizi and Alvarado decided to arrest Robbins because "he was so
20 intoxicated that he was unable to care for himself or the safety of others." (Decl. ¶ 4).
21 Alvarado—while informing Robbins that Alvarado was placing Robbins under arrest—took
22 hold of Robbins's right arm and pulled it behind Robbins's back. (Decl. ¶ 5). Robbins, raising
23 his left arm, turned towards Alvarado. (Decl. ¶ 5). Henrizi grabbed Robbins's left wrist and
24 elbow. (Decl. ¶ 5). Robbins continued to struggle, so Henrizi and Alvarado took Robbins to
25 the ground, where he was handcuffed. (Decl. ¶ 5).

26 Henrizi and Alvarado either took Robbins to detox or to be booked. (Decl. ¶ 6,
27 Compl.). At some point, Robbins was diagnosed with a coronoid process fracture of the left
28 elbow. (Compl.) Robbins attributes this injury to the "controlled take down." (Compl.)

Robbins was treated for the injury at a UCSD emergency room and then returned to the downtown jail. (Compl.).

## II.   LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine issue of material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must examine the evidence in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). If the moving party, however, "meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact, the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment." *Nilsson, Robbins, Dalgarn, Berlines, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1542 (9th Cir. 1988) (citing *T.W. Elec. Servs. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987)). Indeed, "Rule 56 mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III.   DISCUSSION

Defendant SDPD moves for summary judgment on four theories. First, it argues that it is not a proper party under 42 U.S.C. § 1983 because it is a department of a municipal entity. Second, SDPD argues that it must be dismissed because there are no allegations or evidence to support a *Monell* claim. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690-91 (1978). Third, SDPD claims that Robbins's pendent claim for negligence fails because there is no governmental tort liability for common-law negligence. Fourth, SDPD claims it cannot be liable under section 1983 because Henrizi's actions were objectively reasonable as a matter of law, and therefore there was no violation of Robbins's constitutional rights.

Defendant Henrizi moves for summary judgment on three theories. First, he argues that the "controlled take down" was objectively reasonably as a matter of law. Second, he argues that he is entitled to qualified immunity. Third, Henrizi argues that the pendent negligence

claim must fail along with the section 1983 claim because they are both premised on the violation of the same primary right.

Robbins filed an opposition to Defendants' motion for summary judgment, but failed to attach any supporting evidence to counter the declarations provided by Defendants. Even though it was not required, Defendants provided *Klingele* notice to Robbins, informing Robbins of his burden to oppose the summary judgment motion. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (*Klingele* notice not required for non-prisoner *pro se* parties). Nonetheless, even though Robbins did not file any evidence, the court shall rule on the summary judgment motion. *Cf. United States v. Harper*, 906 F.2d 1375 (9th Cir. 1990) (affirming summary judgment against *pro se* defendant who failed to file evidence); *Harper v. Wallingford*, 877 F.2d 728 (9th Cir. 1989) (same).

### A.     Claims Against SDPD

An agency or department of a municipality is not a proper defendant under section 1983. *Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996). Therefore, Robbins's section 1983 claim cannot proceed against SDPD, which is a department of the City of San Diego.

Even construing Robbins's pro se pleadings liberally, and finding that Robbins makes his section 1983 claims against the City of San Diego, Robbins's claim must still fail. Local governing bodies can be sued directly under section 1983 where the allegedly unconstitutional action implements or executes a policy or custom of the government. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690-91 (1978). Robbins's complaint, however, makes no allegations that his "controlled take down" stemmed from the implementation of a city policy or custom that recklessly disregards his constitutional rights. In short, and as admitted in Robbins' opposition, Robbins simply does not allege a *Monell* claim against the City of San Diego or SDPD, so his section 1983 claim against SDPD fails.

Finally, Robbins's negligence claim against SDPD mirrors his negligence claim against Henrizi. The California Government Code provides,

(a) A public entity is liable for injury proximately caused by an act or omission

> of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative. (b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

Cal. Gov. Code § 815.2. Because, as explained below, Robbins failed to meet his burden opposing Defendants' motion for summary judgment, Robbins's negligence claim against SDPD fails.

### B.     Claims Against Henrizi

Both the section 1983 and negligence claims against Henrizi turn on whether Henrizi used reasonable force in effecting the "controlled take down" of Robbins. A section 1983 excessive force claim is analyzed under the Fourth Amendment and its reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Robbins's negligence claim requires proof of an unreasonable act by Henrizi that caused harm. *Price v. County of San Diego*, 990 F. Supp. 1230, 1245 (S.D. Cal. 1992).

On summary judgment, the plaintiff has the burden of providing evidence on each essential element of his claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Therefore, Robbins has the burden of producing evidence demonstrating that Henrizi used unreasonable force. Yet Robbins has failed to provide any evidence that the force Henrizi used during Robbins's arrest was unreasonable.

In his opposition, Robbins states,

> I remain confident that I will be able to show to the jury that Officer Henrizi used excessive force against me, and that force was unnecessary, and that I would not have objected to my being arrested if he had only indicated to me that I was to be arrested. I was manhandled, and he broke my arm.

(Doc. No. 33). This statement does not meet Robbins's burden to oppose the motion for summary judgment. It is not filed as a declaration or affidavit under penalty of perjury, therefore it does not meet Rule 56's requirement of admissible evidence. *See* Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a

genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."). Even if Robbins had filed this statement as a declaration or affidavit, however, it would still not meet his burden on summary judgment. Robbins merely states conclusions that the force was excessive and unnecessary; he does not "set out *specific facts* showing a genuine issue for trial." Fed R. Civ. P. 56(e)(2) (emphasis added).

Indeed, the only evidence before the court, Henrizi's declaration, demonstrates that the force was reasonable. The Fourth Amendment's objective reasonableness test "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985)). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." 490 U.S. at 396 (citing *Terry v. Ohio*, 392 U.S. 1, 20-22 (1968)).

After responding to a 9-1-1 call, and interacting with and observing Robbins, Henrizi and Alvarado determined that Robbins could not "care for himself or the safety of others." (Decl. ¶ 4). Henrizi only grabbed Robbins when Robbins was partially restrained by Alvarado and Robbins was raising his left arm. Based on Hernizi's contemporaneous perspective, Henrizi could have reasonably believed that Robbins was raising his left arm to strike Alvarado or otherwise resist arrest. Indeed, Robbins eventually struggled against the arrest, so Henrizi and Alvarado took Robbins "down to the ground." (Decl. ¶ 5). This "controlled takedown" was reasonable in light of Robbins's resistance to the arrest and the threat he presented to himself, to the officers, and to potential bystanders. Therefore, there was nothing unreasonable about Henrizi's action.

Because Robbins has not presented evidence on an essential element of his claim—excessive force—and the evidence shows that Henrizi used reasonable force during the "controlled take down" of Robbins, Robbins's section 1983 and negligence claims fail.

1 | The court grants Henrizi's motion for summary judgment.

2 | **IV.   CONCLUSION**

3 |     The court hereby GRANTS Defendants' motion for summary judgment.  The Clerk of
4 | the Court is directed to close the file.

5 |     **IT IS SO ORDERED.**

6 | DATED:  March 8, 2010

7 | _____
8 | Hon. Jeffrey T. Miller
United States District Judge